NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-0444-16T3

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

RODERICK CYKTOR,

 Defendant-Appellant.
_______________________________

 Submitted June 19, 2017 – Decided July 10, 2017

 Before Judges Fisher and Fasciale.

 On appeal from Superior Court of New Jersey,
 Law Division, Hunterdon County, Municipal
 Appeal No. 4A-2016-K1.

 Scholl, Whittlesey & Gruenberg, L.L.C.,
 attorneys for appellant (Franklin G.
 Whittlesey, on the brief).

 Anthony P. Kearns, III, Hunterdon County
 Prosecutor, attorney for respondent (David P.
 Culley, Assistant Prosecutor, on the brief).

PER CURIAM

 Defendant appeals from his conviction of driving while

intoxicated, N.J.S.A. 39:4-50. Judge Angela F. Borkowski
conducted a de novo review of the record, found defendant guilty,

and rendered a comprehensive written decision.

 On appeal, defendant raises the following point:

 THE TRIAL JUDGE ERRED IN HER FINDING THAT
 THERE WAS SUFFICIENT EVIDENCE OF APPELLANT'S
 GUILT[] BEYOND A REASONABLE DOUBT.

 When a defendant appeals a decision made by a municipal court

to the Law Division, the court is required to conduct a de novo

review of the record, giving "due regard to the municipal judge's

opportunity to view the witnesses and assess credibility." State

v. Golin, 363 N.J. Super. 474, 481 (App. Div. 2003) (citing State

v. Johnson, 42 N.J. 146, 157 (1964)). On appeal from the Law

Division's decision, we must determine whether the Law Division

judge's findings "could reasonably have been reached on sufficient

credible evidence present in the record." State v. Locurto, 157

N.J. 463, 471 (1999) (quoting Johnson, supra, 42 N.J. at 162).

However, "[a] trial court's interpretation of the law and the

legal consequences that flow from established facts are not

entitled to any special deference." Manalapan Realty, L.P. v.

Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995).

 After carefully considering the record, standard of review,

and briefs, we affirm for the thorough reasons expressed by the

judge, and conclude that defendant's argument is "without

 2 A-0444-16T3
sufficient merit to warrant discussion in a written opinion." R.

2:11-3(e)(2).

 Affirmed.

 3 A-0444-16T3